UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:25-cv-81019-GAYLES

**LUIS FRANCISCO-JUAN**,

    Plaintiff,

v.

**PALM BEACH SHERIFF'S OFFICE**, *et al.*,

    Defendants.

_____/

### ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

**THIS CAUSE** is before the Court on Plaintiff Luis Francisco-Juan's *pro se* Complaint under 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff, a federal prisoner, has not paid the filing fee and seeks leave to proceed *in forma pauperis* ("IFP"). [ECF No. 3]. Therefore, his Complaint must be screened under 28 U.S.C. § 1915(e)(2)(B). For the following reasons, the Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for relief.

### I.   LEGAL STANDARD

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a complaint if it determines the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id*. § 1915(e)(2)(B)(i)–(iii). A pleading fails to state a claim for relief when it does not contain sufficient "factual matter (taken as true)" to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *see also Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards

governing dismissals under Rule 12(b)(6) apply to § 1915(e)(2)(B)(ii)."). A complaint need not contain detailed factual allegations, but it must provide as grounds for relief something more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). To survive dismissal, a complaint must "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court holds *pro se* pleadings "to a less stringent standard than pleadings drafted by attorneys" and construes them liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This leniency, however, "does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

## II.     DISCUSSION

In Plaintiff's "Statement of Claim," he alleges that he was sexually assaulted on an unspecified date at the Palm Beach County Detention Center. [ECF No. 1 at 5]. "Plaintiff states that the facility has all the records surrounding the sexual assault incident," and he "requests an Order directing [the] Detention Center . . . to produce all documents pertaining to Plaintiff" pursuant to Federal Rule of Civil Procedure 26. *Id*. Plaintiff names ten Defendants—employees of the Palm Beach County Sheriff's Office—but does not allege any facts against them. *Id*. In the "Relief Requested" section, Plaintiff states that he seeks (1) "[a] response from all the above listed Defendants denying or admitting their participation in the Sexual Assault on Plaintiff"; (2) "[a] trial"; and (3) damages.

Plaintiff's Complaint is devoid of any facts supporting a claim for relief under 42 U.S.C. § 1983. As mentioned, to state claim for relief under § 1983, Plaintiff must show that he was deprived of a constitutional right by an individual acting under color of state law. *See Griffin*, 261 F.3d at 1303; *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) ("section 1983 requires proof of

an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation"). Although Plaintiff alleges that he was sexually assaulted, he does not name the person who assaulted him nor allege that any of the Defendants had anything to do with the assault. Because Plaintiff has not alleged specific facts against any Defendant, he has not stated a claim for relief under § 1983. *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802 (11th Cir. 2006) (affirming dismissal of a § 1983 complaint where the plaintiff "failed to name individual defendants and failed to articulate specific claims against those defendants").

Moreover, Plaintiff may not pursue a civil action in federal court solely for the purpose of obtaining discovery under Federal Rule of Civil Procedure 26. None of the named Defendants have been served, and without proper service, the Court has no jurisdiction to compel Defendants to respond to discovery requests. *See Forde v. Miami Fed. Dep't of Corr.*, 578 F. App'x 877, 880 (11th Cir. 2014) ("[A]bsent proper service of process, a district court has no jurisdiction to compel a defendant to respond to discovery requests"); *Clark v. Pinellas Cnty. Sheriff Dep't Jail Offs.*, No. 8:24-CV-1015-SDM-TGW, 2024 WL 3400266, at *3 (M.D. Fla. July 12, 2024) ("A party must submit a request for discovery to an opposing party, not to the court, and the party cannot submit such a request until an opposing party has appeared in the action"); *Burroughs Payment Sys., Inc. v. Symco Grp., Inc.*, No. 1:10-CV-03029-JEC, 2011 WL 13217738, at *6 (N.D. Ga. Dec. 13, 2011) ("It is not permissible to file suit and use discovery as the sole means of finding out whether you have a case").

Lastly, Plaintiff shall not be granted leave to amend his Complaint because he alleges no facts suggesting that "a more carefully drafted complaint" would state a claim for relief under § 1983. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (holding that a district court need not grant leave to amend where "a more carefully drafted complaint could not

- 4 -

state a claim" for relief). Nonetheless, dismissal is without prejudice and will not prevent Plaintiff from pursuing his claims in a new action, if he so chooses.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of August, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: **Luis Francisco-Juan**
72630-379
Victorville Medium II
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 3850
Adelanto, CA 92301